THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JOHN ANDREW FLOYD, | CASE NO. C17-1154-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GEICO INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

Defendant terminated Plaintiff, a claims handling supervisor and long-time employee, days after it allegedly learned that a default judgment had been entered relating to one of the claims that Plaintiff's subordinates managed. (Dkt. No. 13 at 7.) Just prior to his termination, Plaintiff threatened Defendant with legal action regarding his personal medical benefits. (Dkt. No. 1-1 at 5–7.) Plaintiff brought a wrongful termination suit alleging disability and age discrimination, that his termination was retaliatory, and that Defendant used the default judgment as a pretext for Plaintiff's termination. (*Id.*)

Plaintiff served written discovery on January 3, 2018. (Dkt. No. 13 at 9.) Included were

the following interrogatories:

> INTERROGATORY NO. 4: Please identify why plaintiff was terminated from employment with GEICO, including: (1) how plaintiff was informed of your decision to terminate his employment; and (2) any written documentation supporting your determination to terminate his employment.
>
> INTERROGATORY NO. 11: For the years 2012-2017, please identify each instance of disciplinary action taken by GEICO against an employee as a result of the entry of a default judgment against a GEICO insured. For each instance, identify: (1) the name of the employee disciplined; (2) the nature of the disciplinary action; (3) the date of the disciplinary action; and (4) whether the individual remains employed by GEICO.

(Dkt. Nos. 13 at 5; 15-12 at 4, 5, 8.) Plaintiff asserts that Defendant's response "largely ignores" Interrogatory No. 4 and was "evasive" and "contorts the thrust" of Interrogatory No. 11. (Dkt. No. 13 at 10.) Following two attempts to meet and confer to resolve the issues, Plaintiff brings the instant motion, asking the Court to compel Defendant to "provide complete, non-evasive responses to the interrogatories." (*Id*. at 13); (*see* Dkt. No. 15 at 1).

## II. DISCUSSION

The Court strongly disfavors discovery motions and prefers that the parties resolve the issues on their own. However, if the parties are unable to do so, a party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Id*. "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action." *Ragge v. MCA/Universal Studios, Inc.*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders*, *Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997). This burden is a heavy one in employment

discrimination lawsuits, where discovery rules are construed liberally so as to provide the plaintiff with "broad access to the employers' records." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 643 (1989).

### A. Interrogatory No. 4

Defendant has supplemented its response to Interrogatory No. 4 since Plaintiff moved to compel. (*See* Dkt. Nos. 19-4 at 6; 19-5 at 4.) Defendant's response, as supplemented, adequately addresses the interrogatory. Accordingly, Plaintiff's motion to compel a full and adequate response to Interrogatory No. 4 is DENIED as moot.

### B. Interrogatory No. 11

In a Title VII claim, a plaintiff must normally demonstrate that an otherwise permissible reason for his or her termination was pretextual. *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009). One method is to show more favorable treatment of a similarly situated employee, i.e., a comparator. *Hawn v. Exec. Jet Mgt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Interrogatory No. 11 is Plaintiff's attempt to seek out such information. To be similarly situated, employees' situations need only be "sufficiently similar" to "support at least a minimal inference that the difference to treatment may be attributable to discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001) (cited for this proposition in *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660 (9th Cir. 2002)).

Defendant objects to Interrogatory No. 11 on the following bases: (1) it seeks information on disciplinary decisions made by persons other than the primary decisionmaker in this instance, Yvonne Obeng-Curwood, Defendant's Seattle office Claims Director; (2) it seeks information on employees disciplined due to default judgments, whereas Plaintiff was terminated due to his pattern of reckless and negligent conduct that was *discovered* once the default judgment occurred; and (3) the interrogatory only asks for information on individuals who were disciplined following entry of default judgment, not those who escaped discipline. (Dkt. Nos. 16 at 9–13; 19-4 at 11–12; 19-5 at 6–7.)

Typically, comparators must have the same decisionmaker. *See Garcia v. Courtesy Ford, Inc.,* Case No. C06-0855-RSL, slip op. at 3 (W.D. Wash. May 10, 2007); *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 621 (S.D. Ind. 2002). Defendant argues that Ms. Obeng-Curwood was the sole decisionmaker and, on this basis, nationwide discovery is overbroad. (Dkt. No. 16 at 12.) But this assertion is belied by the record. Before terminating Plaintiff, Ms. Obeng-Curwood sought the approval of Defendant's corporate human resources department and general counsel. (Dkt. No. 13 at 9.) According to Defendant, this was no more than a perfunctory approval and the substantive termination decision fell squarely on Ms. Obeng-Curwood's shoulders. (Dkt. No. 16 at 12); (*see* Dkt. No. 18 at 2) (declaration of Ms. Obeng-Curwood to this effect). But Plaintiff provides sufficient evidence to make this a debatable issue. (*See* Dkt. Nos. 15-4, 15-5, 21-2); *see also* Fed. R. Civ. P. (b)(1) ("Information . . . need not be admissible in evidence to be discoverable."). Therefore, nationwide discovery of similarly-situated employees would not be overbroad.

Defendant also argues that the information sought in Interrogatory No. 11 is irrelevant because Plaintiff was not terminated due to the default judgment. This claim is also contradicted by the record. Plaintiff was terminated on March 7, 2017. (Dkt. No. 18-8.) Ms. Obeng-Curwood claims she made the decision to do so on March 2, 2017—the day she learned of the entry of default judgment. (Dkt. No. 18 at 2–4.) Yet Ms. Obeng-Curwood was presented with some of the evidence allegedly demonstrating Defendant's negligent and reckless conduct in the days *following* March 2. (*See* Dkt. Nos. 18 at 2; 18-1; 18-6) (describing a March 6, 2017 interview with Plaintiff where he admitted to routinely reassigning time sensitive and special handling documents back to subordinates for follow-up and not having a system in place to confirm that follow-up was performed). This is sufficient to make this issue debatable. Therefore, the information resulting from discovery as to employees for whom a default judgment was entered would be relevant.

Finally, Defendant argues that the Court should construe Interrogatory No. 11 as written

and, therefore, preclude discovery into similarly-situated employees for which no disciplinary action was taken. (Dkt. No. 16 at 13.) Defendant's argument contorts the clear intent of Interrogatory No. 11. The purpose of the interrogatory is to gather comparable information. This would be meaningless if instances where an employee who entirely escaped disciplinary action were excluded from Defendant's response.

Accordingly, Plaintiff's motion to compel a full and adequate response to Interrogatory No. 11 is GRANTED. Defendant is DIRECTED to respond to the interrogatory on a nationwide basis for all Continuing Unit claims supervisors similarly situated to Plaintiff.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 13) is GRANTED in part and DENIED in part. Defendant is DIRECTED to provide information responsive to Interrogatory No. 11, as described above, within fifteen (15) days of this order.

DATED this 27th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE