THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ANDREW FLOYD,

    Plaintiff,

    v.

GEICO INSURANCE COMPANY,

    Defendant.

CASE NO. C17-1154-JCC

ORDER

This matter comes before the Court on Defendant's motion for a protective order and/or for clarification (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

This Court recently entered an order granting in part Plaintiff's motion to compel (Dkt. No. 22). The order directed Defendant to provide "a full and adequate response to Interrogatory No. 11 . . . on a nationwide basis for all Continuing Unit claims supervisors *similarly situated* to Plaintiff." (*Id*. at 5) (emphasis added).[1] The parties disagree as to the scope of the Court's directive. Plaintiff believes a response is required for all entries of default judgment. (*See*

---

[1] Plaintiff's Interrogatory No. 11 sought comparator information, namely disciplinary actions taken against Claims Unit supervisors following an entry of default judgment on cases they oversaw. (Dkt. Nos. 13 at 5, 15-12 at 8.)

1  *generally* Dkt. No. 28.) Defendant believes a response is required only for entries of default

2  judgment on claims not yet referred to counsel and for which Defendant had not yet disclaimed

3  coverage. (*See generally* Dkt. Nos. 25, 30.) It is undisputed that neither Plaintiff nor his

4  subordinate had referred the claim to legal counsel or disclaimed coverage when default

5  judgment was entered. (Dkt. No. 25 at 7–9.)

6        The Court CLARIFIES that for purposes of its prior order (Dkt. No. 22), a Claims Unit

7  supervisor is only *similarly situated* to Plaintiff if he or she supervised a claim in which a default

8  judgment was entered before (1) it was referred to counsel or (2) Defendant disclaimed coverage.

9  Accordingly, Defendant's motion for a protective order (Dkt. No. 25) is GRANTED. Discovery

10  need not be provided on entries of default judgment occurring after a Claims Unit had referred

11  the claim to legal counsel or Defendant disclaimed coverage.

12        DATED this 7th day of June 2018.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE