THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ANDREW FLOYD,

    Plaintiff,

    v.

GEICO INSURANCE COMPANY,

    Defendant.

CASE NO. C17-1154-JCC

ORDER

This matter comes before the Court on Plaintiff's second motion to compel (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

The Court has described the facts of this case in previous discovery rulings (Dkt. Nos. 22, 32) and will not repeat them here. Plaintiff now seeks an order directing Defendant to produce the following: all communications between Plaintiff and the claims adjusters he supervised for the last five years and the personnel files for alleged comparators located in Defendant's Seattle office. (Dkt. No. 43 at 3–7.) Defendant asserts the information is irrelevant and overly burdensome. (Dkt. No. 40 at 8–12.)

As previously indicated, the Court strongly disfavors discovery motions and prefers that the parties resolve the issues on their own. However, when necessary, the Court will entertain motions to compel consistent with Federal Rule of Civil Procedure 37(a)(1). Litigants "may

obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Id*.

As the Court understands, Defendant alleges that it terminated Plaintiff, at least in part, based upon on the manner in which he supervised claims adjustors on the Ozog (#031484803-052), Mealing (#020013S6S-043), and Musselman (#015069364-03036) claims. (Dkt. No. 42 at 5); (*see* Dkt. No. 42-5) (internal memorandum detailing Defendant's supervision concerns regarding these claims). Therefore, any and all communications, regardless of the form taken, between Plaintiff and his claim adjusters with respect to these claims is discoverable. Accordingly, the Court ORDERS Defendant to produce all communications between Plaintiff and his claims adjusters regarding these three claims, without temporal limitation, in a readable format. Such information includes, but is not limited to, handwritten notes, demand logs, e-mails, instant messages, text messages, as well as all Outlook events or entries, including invites and reminders. The Court does not find communications with adjusters relating to other claims to be relevant to this matter.

Comparator evidence is only relevant to the extent the employee is similarly situated to Plaintiff. *Hawn v. Exec. Jet Mgt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). To be similarly situated, the employee's situation must be "sufficiently similar" to Plaintiff's to "support at least a minimal inference that the difference to treatment may be attributable to discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001) (cited for this proposition in *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660 (9th Cir. 2002)). As the Court previously held, the only employees similarly situated to Plaintiff are supervisors who "supervised a claim in which a default judgment was entered before (1) it was referred to counsel or (2) Defendant disclaimed coverage." (Dkt. No. 32 at 2.) Neither the remaining supervisors in Seattle nor Mr. Quesada meet this definition. (*See generally* Dkt. Nos. 35, 43.) Therefore,

Plaintiff has not established the minimal inference necessary to show relevance with respect to these employees.

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 35) is GRANTED in part and DENIED in part. Defendant is DIRECTED to provide all communications, regardless of their form, between Plaintiff and his claims adjusters relating to the Ozog (#031484803-052), Mealing (#020013S6S-043), and Musselman (#015069364-03036) claims. Defendant need not respond further to Requests for Production Nos. 18–22 or 28.

DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE