THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ANDREW FLOYD,

        Plaintiff,

v.

GEICO INSURANCE COMPANY,

        Defendant.

CASE NO. C17-1154-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to enforce court order and for sanctions (Dkt. No. 47). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

The Court has described the facts of this case in previous orders (Dkt. Nos. 22, 32) and will not repeat them here. Plaintiff now seeks an order enforcing this Court's previous order that Defendant produce all communications between Plaintiff and the claims adjusters on the Ozog, Mealing, and Musselman claims (Dkt. No. 46) ("the July 25th order"). (Dkt. No. 47.) Plaintiff also asks for the following sanctions: (1) the option of re-deposing any of Defendant's witnesses, at Defendant's expense, (2) because Mr. White was an unprepared Rule 30(b)(6) witness, requiring Defendant to pay for Mr. White's previous deposition, and (3) an order prohibiting Defendant from asserting that Plaintiff did not adequately supervise the Ozog, Mealing, and Musselman claims. (*Id.*) Defendant asserts that it has complied with the July 25th order and that

Plaintiff's requested sanctions are unnecessary and baseless. (Dkt. No. 54.) As previously stated, the Court strongly disfavors discovery motions and prefers that the parties resolve the issues on their own.

**I.   COMPLIANCE WITH THE JULY 25TH ORDER**

Plaintiff argues that because Defendant did not comply with the July 25th order, Defendant should be prohibited from arguing that Plaintiff failed to adequately supervise the Ozog, Mealing, and Musselman claims. (Dkt. No. 47 at 4.) Plaintiff contends that Defendant has not complied with the July 25th order because Defendant has not produced emails between Plaintiff and his claims adjusters. (*Id.* at 11–12.) However, Defendant certifies that, even prior to the July 25th order, it had already produced all reasonably accessible communications between Plaintiff and his claims adjusters, with regard to the Ozog, Mealing, and Musselman claims. (Dkt. No. 54 at 5–6.) In an effort to ensure compliance with the July 25th order, Defendant backed up additional Outlook records and determined that, it had indeed produced all communications between Plaintiff and his claims adjusters with regard to the three claims and that any communications found in the Outlook records were duplicative of those already produced. (*Id.* at 7.)

Plaintiff appears to be arguing that Defendant should be responsible for restoring and backing up monthly Outlook records and either (1) producing that duplicative information to Plaintiff or (2) ensuring that there is no additional, non-duplicative communications in any of those records. What Plaintiff asks for is unnecessarily burdensome and duplicative, and not required under the Federal Rules. The Outlook records contain the same information that the Atlas database contains (*see, e.g.*, Dkt. Nos. 54 at 5–8, 60-2 at 46) and communications stored on the Atlas database have already been produced to Plaintiff (Dkt. No. 54 at 6). The July 25th order did not require Defendant to produce identical copies of the communications on all of the different servers or databases that Defendant uses; it only required Defendant to produce any communications regarding the Ozog, Mealing, and Musselman claims that had not already been

produced.

## II. RE-DEPOSING DEFENDANT'S WITNESSES

Plaintiff argues that he is entitled to the option of re-deposing any of Defendant's witnesses, at Defendant's expense, because Defendant produced relevant communications either right before or after depositions. (Dkt. No. 47 at 5–11.) Plaintiff argues that these productions were prejudicial because Plaintiff was unable to question the deponents about the late-produced documents. (*Id.*)

First, after reviewing the sequence of discovery production and depositions, the Court does not find any sequence of production and deposition so prejudicial to Plaintiff that it warrants reopening discovery or sanctioning Defendant. Second, Plaintiff did not seek a discovery plan and the Federal Rules do not require Defendant to produce all relevant documents prior to the deposition of each and every witness. *See* Fed. R. Civ. P. 26(d)(3). It would be one thing if Plaintiff was requesting to re-depose a specific witness on a specific subject due to Defendant's late disclosure of relevant documents, but Defendant need not pay for additional depositions for all of its witnesses merely because Plaintiff would prefer document production was completed prior to depositions.

## III. RE-DEPOSING JOSEPH WHITE

Plaintiff argues that he is entitled to the cost of Mr. White's deposition and that Defendant should be required to pay for the costs of re-deposing Mr. White, in Seattle, because Mr. White was an unprepared Rule 30(b)(6) deponent. (Dkt. No. 47 at 14–15.) Federal Rule of Civil Procedure 30(b)(6) allows a party to gather information about a corporation from a person designated to serve as the voice of the corporation. Fed. R. Civ. P. 30(b)(6). "In determining whether a corporation has met its Rule 30(b)(6) obligation, courts examine the degree and type of effort made by the corporation to prepare the witness." *Shapiro v. America's Credit Union*, Case No. C12-5237-RBL, 2013 WL 12310679, slip op. at 2 (W.D. Wash. 2013). "Broad topics of inquiry, however, do not 'give rise to an obligation to prepare a witness to answer every

conceivable detailed question relating to the topic.'" *Id.* (citing *United States v. Guidant Corp.*, Case No. 3:08-0842, 2009 WL 3103836, slip op. at 3 (M.D. Tenn. 2009)). "[T]he fact that the corporate designee cannot answer every question posed during the deposition does not mean that the corporation failed to satisfy its Rule 30(b)(6) obligation to prepare the witness." *Id.*

Upon review of Mr. White's deposition, Defendant met its Rule 30(b)(6) obligation to prepare the witness. To prepare for the deposition, Mr. White reviewed the relevant systems and documents, and conferred with many people to fill any gaps in his knowledge. (Dkt. Nos. 55 at 2, 60-2 at 6–7.) Although Plaintiff points out deficiencies in Mr. White's testimony, Mr. White was an overall competent and knowledgeable witness. He provided much of the information Plaintiff sought and where there were shortcomings that were brought to Defendant's attention, Defendant followed up with supplemental information and offered to have Mr. White provide the supplemental information via declaration. (*See* Dkt. Nos. 54 at 13, 57-1 at 76.) Mr. White cannot be expected to know every detail about the many broad topics in the deposition notice. Defendant met its Rule 30(b)(6) obligation and is not required to bear the costs of Mr. White's initial deposition or to pay for another deposition.

For the foregoing reasons, Plaintiff's motion to enforce court order and for sanctions (Dkt. No. 47) is DENIED.

DATED this 25th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE